(No. 3569—

BUREAU OF WATER OF THE CITY OF CHICAGO, A MUNICIPAL CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 23, 1941.*

BARNET HODES, for claimant.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

The parties hereto have stipulated that this claim may be considered upon the report of the Adjutant General and the report of the Auditor of Public Accounts of the respondent relative thereto.

From such reports it appears that the claimant furnished water for the Diversey Parkway Armory in Chicago from November 18, 1938 to September 30, 1940; that on December

7, 1939 a statement for water service to that date was rendered to the custodian of the Armory who transmitted same to the Adjutant General's office; that thereupon the Adjutant General advised claimant that separate statements should be furnished for the period prior to June 30, 1939 and for the period subsequent thereto, and that inasmuch as the appropriation for the 60th biennium had lapsed, the statement for the service furnished prior to June 30, 1939 should be presented to the Court of Claims.

There is no question but what water service was furnished, as contended by claimant, and that pursuant to the terms of the lease under which the Armory was held the lessee is liable for such service. It also appears from the report of the Auditor of Public Accounts that on November 18, 1938 the unexpended balance in the Adjutant General's appropriation made by the 60th General Assembly under the heading of "Illinois National Guard and Naval Militia" for ordinary expenses, repairs and equipment was $325,143.79.

We have repeatedly held that where materials or supplies have been properly furnished to the State, and a bill therefor has been submitted within a reasonable time, but the same was not approved and vouchered for payment before the lapse of the appropriation from which it is payable, without any fault or neglect on the part of the claimant, an award for the reasonable value of such materials or supplies will be made, where, at the time the expenses were incurred there were sufficient funds remaining unexpended in the appropriation to pay for the same. *Rock Island Sand & Gravel Co.* vs. *State,* 8 C. C. R. 165; *Indian Mortorcycle Co.* vs. *State,* 9 C. C. R. 526; *Metropolitan Electrical Supply Co.* vs. *State,* 10 C. C. R. 346.

This case comes within the rule above set forth, and award is therefore entered in favor of the claimant for the sum of Sixty-eight Dollars and Forty Cents ($68.40).